# NO. 12-19-00062-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JABRAUN DONCHE WASHINGTON, APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant appeals his conviction for forgery. In his sole issue, he argues that the evidence is insufficient to support the verdict. We affirm.

### BACKGROUND

On February 14, 2018, Johnny Romo's home was burglarized, and among other items, the perpetrators stole Romo's checkbook. Just hours after the burglary, Appellant passed a check at Brookshire Brothers on Romo's bank account. The check was made payable to "Colors by Saint," and had Appellant's name in the memo line. The following day, Kelsey Copeland passed a similar check on Romo's account at the same Brookshire Brothers store. It was made payable to "Home Health Care," and Copeland's name also appeared in the memo line of the check. Shortly thereafter, Patrick Walker passed a check on Romo's account, also at Brookshire Brothers, made payable to "Walker Landscaping and Gardner," with Walker's name in the subject line. Suspicious, the store manager called the police, an investigation ensued, and the authorities arrested Appellant.

Appellant was indicted for forgery. Appellant pleaded "not guilty" to the offense and the matter proceeded to a jury trial. The jury found Appellant guilty of the offense. After a punishment

hearing, the trial court sentenced Appellant to two years of confinement in a state jail facility. This appeal followed.

<h2 style="text-align:center">SUFFICIENCY OF THE EVIDENCE</h2>

In his sole issue, Appellant contends that the evidence is insufficient to support the verdict because the evidence does not show that he knew the check was forged when he passed it at Brookshire Brothers.

## Standard of Review

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 316–17, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. *Id.* A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead, we defer to the factfinder's resolution of conflicting evidence unless the resolution is not rational. *See Brooks*, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Each fact need not point directly and independently to the defendant's guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Id.* Furthermore, the trier of fact may use common sense and apply common knowledge, observation, and experience gained in ordinary affairs when drawing inferences from the evidence. *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

## Applicable Law

A person commits the offense of forgery if he forges a writing with intent to defraud or harm another. TEX. PENAL CODE ANN. § 32.21(b) (West Supp. 2019). In relevant part, "forge" means to pass a writing so that it purports to be the act of another who did not authorize the act. *See id.* § 32.21(a)(1)(A)(i), (B). A "writing" includes a check on a bank account. *See id.* § 32.21(a)(2), (d).

To prove the requisite intent, the trier of fact must be able to reasonably infer that Appellant knew the instrument was forged beyond a reasonable doubt. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015). The intent to defraud or harm may be established by circumstantial evidence, although the mere possession, passage, or presentment of a forged instrument does not support an inference of intent to defraud. *Leroy v. State*, 512 S.W.3d 540, 543 (Tex. App.—Houston [1st Dist.] 2016, no pet.). The offense is a state jail felony if the writing is or purports to be a "check, authorization to debit an account at a financial institution, or similar sight order for payment of money . . . ." TEX. PENAL CODE ANN. § 32.21(d).

## Discussion

Admitted into evidence is a video showing that Appellant passed the check at Brookshire Brothers. Appellant showed his driver's license to the cashier, who wrote his identifying

information on the check. Appellant also endorsed the back of the check. Romo testified that he did not authorize the check. Thus, the parties agree that the only issue on appeal is whether the evidence supports the conclusion that Appellant knew the check was forged when he passed it.

Appellant argues that the evidence shows that he received the check in exchange for tattoo work, and there was no evidence that he was involved in the theft of the victim's check or the burglary of his home. Accordingly, his argument continues, the evidence is insufficient to show that he knew the check was forged when he received or passed it. Appellant relies upon the testimony of Copeland, who was one of the three people who cashed Romo's checks shortly after the burglary of his home. At the time of her testimony, Copeland was serving a sentence for a burglary of a habitation offense. She testified that Appellant was a tattoo artist, that he owned a business named "Colors by Saint," and that she, Appellant, and Walker were at a third party's home in the late evening and early morning hours of February 13th and 14th. She believed Appellant received the check as payment for a tattoo completed on Walker that evening. However, she stated that she also received one of the checks and knew it was forged when she received it. Specifically, she testified that her check was made payable to "Home Health Care," but she testified that she did not own or work for a business by that name, and she provided no services in exchange for the check. She also stated that she knew Walker did not own or work for a business named "Walker Landscaping and Gardner." Her credibility was for the jury to determine, and they could believe all, some, or none of her testimony. *See* ***Ramsey***, 473 S.W.3d at 809; *see also* ***Chambers v. State***, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

In contrast to Copeland's testimony that Appellant received the check on either the late hours of February 13th or early morning hours of February 14th, Romo testified that his home had been burglarized sometime after 6:30 a.m. on February 14th. The burglary occurred just hours before Appellant passed the check. Romo testified that he did not authorize any of the checks and that the signature on them was not his own.

Furthermore, Appellant, Copeland, and Walker, who knew each other, passed each of the three checks according to a common scheme or plan. Each check was made payable to a business. The memo line of each check had the name of the person who attempted to cash it. All three checks appeared to have the same handwriting and the same misspelling of the word "hundred." All three checks were cashed at the Brookshire Brothers Express store. Appellant cashed the first one on February 14th shortly after the burglary. The other two were cashed there the following

day. The cashier testified that he did not initially accept the check because it was considered a two-party check. In response, Appellant falsely represented to the cashier that it was a payroll check from his business partner, that they have a tattoo shop together, and he had to go get equipment because they had a tattoo appointment later that evening. Based on these false representations, the cashier cashed the check. Romo testified that Appellant is not his business partner and he did not know him. The cumulative force of these facts and circumstances, when viewed in the light most favorable to the verdict, would allow a jury to reasonably conclude that Appellant knew that the check was forged when he passed it. *See Nisbett*, 552 S.W.3d at 262; *Ramsey*, 473 S.W.3d at 809-11.

Accordingly, viewing the evidence in the light most favorable to the State, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant forged a writing with intent to defraud or harm another. *See* Tex. Penal Code Ann. § 32.21(b). Because the evidence is sufficient to support the verdict, Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered January 22, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 22, 2020**

**NO. 12-19-00062-CR**

**JABRAUN DONCHE WASHINGTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 18CR-075)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*